KAREN P. HEWITT
United States Attorney
CHRISTOPHER B. LATHAM
Assistant U.S. Attorney
California State Bar No. 160515
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7147
Facsimile:   (619) 557-5004
Email: Christopher.Latham@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYA HERNDON aka MAYA APPUHN,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 07cv2309-W (NLS)<br><br>ANSWER TO COMPLAINT<br><br><br><br>CTRM:   7<br>JUDGE:   Hon. Thomas J. Whelan |

COMES NOW Defendant UNITED STATES OF AMERICA ("Answering Defendant"), by and through its attorneys, Karen P. Hewitt, United States Attorney, and Christopher B. Latham, Assistant United States Attorney, and in answer to Plaintiff's Complaint ("Complaint") states as follows:

1.       Responding to Paragraph I of the Complaint, Defendant affirmatively alleges that this paragraph contains jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent an answer is required, each, all and every allegation contained in this Paragraph I of the is denied.

2.       Responding to Paragraph II of the Complaint, Defendant affirmatively alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein

contained, and based thereon, denies generally and specifically, each, all and every allegation contained therein.

3.      Responding to Paragraph III of the Complaint, Defendant admits that it operates a health care facility known as the Naval Medical Center San Diego, in San Diego, California. The Naval Medical Center San Diego provides medical services to active duty military personnel and others, employing medical professionals and other individuals for that purpose. Except as expressly admitted, Defendant denies generally and specifically each, all and every allegation contained therein.

4.      Responding to Paragraph IV of the Complaint, Defendant affirmatively alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein contained, and based thereon, denies generally and specifically each, all and every allegation contained therein.

5.      Responding to Paragraph V of the Complaint, Defendant affirmatively alleges that Plaintiff sought treatment at the Naval Medical Center San Diego in approximately January 2006. Defendant further affirmatively alleges that Plaintiff was evaluated and treated at the Naval Medical Center San Diego at that time. Except as expressly admitted, Defendant denies generally and specifically each, all and every allegation contained therein.

6.      Responding to Paragraph VI of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

7.      Responding to Paragraph VII of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

8.      Responding to Paragraph VIII of the Complaint, Defendant denies generally and specifically each, all and every allegation contained therein.

9.      Responding to Paragraph IX of the Complaint, Defendant affirmatively alleges that the Tort Claims Unit of the Department of the Navy's Office of the Judge Advocate General received an administrative claim from Plaintiff on February 21, 2007. That claim was denied on January 8, 2008. Except as expressly admitted, Defendant denies generally and specifically each, all and every allegation contained in Paragraph IX.

## AFFIRMATIVE AND OTHER DEFENSES

As affirmative and other defenses to the allegations of Plaintiff's Complaint, Defendant states as follows:

1. Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted. There was no negligence of Defendant or any of its agents or employees which was the actual or proximate cause of injury or damages alleged in Plaintiff's Complaint or otherwise.

2. The Court lacks jurisdiction over the subject matter of this action.

3. Any act or omission of Defendant was superseded by the acts or omissions of others, which were the sole proximate causes of any injury, damage or loss to Plaintiff.

4. The acts and omissions of others were intervening, independent and proximate causes of the alleged injuries.

5. The injuries and damages alleged by Plaintiff were not proximately caused by a negligent or wrongful act or omission on the part of an employee or agent of the United States.

6. The liability of Defendant and responsible parties, named or unnamed, if any, should be apportioned according to their respective degrees of fault, and the liability of these defendants, if any, should be reduced accordingly.

7. Plaintiff's claims are barred or diminished as a result of Plaintiff's failure to exercise reasonable care in mitigating their damages.

8. Defendant asserts as an affirmative defense, the provisions of Proposition 51, California Civil Code, Section 1431.2, providing in part that: "each defendant shall be liable only for the amount of non-economic damages allocated to the defendants in direct proportion to that defendant's percentage of fault...."

9. Plaintiff's recovery, if any, is limited to the amount of the claim which Plaintiff presented administratively. 28 U.S.C. § 2675(b).

10. Plaintiff had knowledge of and voluntarily assumed the risk of all that transpired. Plaintiff's injuries, if any, arose out of such risks.

11. Any injuries sustained by Plaintiff were not caused by carelessness or negligence on the part of the Defendant, its agents, servants or employees, but was caused solely by and through the carelessness and negligence of Plaintiff.

12. Plaintiff was contributorily negligent.

13. Plaintiff was comparatively negligent.

14. Plaintiff alleged only speculative future damages which do not constitute compensable damages.

15. All future damages, if any, must be reduced to present value.

16. Income taxes must be deducted from all alleged past and future lost earnings, if any.

17. In the event Defendant is found liable, which liability Defendant expressly denies, Plaintiff's general, non-economic damages are limited as set forth in California Civil Code § 3333.2.

18. In the event Defendant is found liable, which liability Defendant expressly denies, Defendant is entitled to an offset against damages, if any, for all amounts received by Plaintiff from the United States and its agencies, and from all collateral sources. California Civil Code, § 3333.1.

WHEREFORE, Defendant prays that Plaintiff take nothing by her Complaint, that Defendant be compensated in full for the costs of suit incurred herein, and for all other relief that the Court deems proper.

DATED: February 11, 2008                Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Christopher B. Latham

CHRISTOPHER B. LATHAM
Assistant United States Attorney
Attorneys for Defendant
United States of America
Email: Christopher.Latham@usdoj.gov